UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In Re: | § § | Case No. 21-10224-tmd |
| **HUMBERTO BONELLY LABRADA,** | § § § § | |
| Debtor | § § | Chapter 7 |

### TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTIONS

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within twenty-one (21) days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely response is necessary for a hearing to be held.**

TO THE HONORABLE TONY M. DAVIS, U.S. BANKRUPTCY JUDGE:

COMES NOW Ron Satija, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Humberto Bonelly Labrada and files this *Objection to Exemptions* (the "Objection"). As set forth in more detail below, the Debtor filed Amended Schedules claiming a homestead exemption on two various real estate lots[1] that the Debtor testified were solely for investment purposes.[2]

The Trustee objects to the Debtor's attempt to exempt the Property as his homestead on the basis the Debtor has not met the requisites for protecting the Property as his under state law. The Trustee requests the Court should deny the Debtor's requested exemptions for the Property. In support thereof, the Trustee would respectfully show as follows:

---

[1] The Debtor listed 12501 Tech Ridge Blvd., #221, Austin, TX 78753 with a $1.00 value ("Tract 1" and listed 20710 Tahoe Lane, Lago Vista, TX 78645 (Lot 16027 BAR-K Ranches Plat 16, Travis County, Texas)("Tract 2") with a $17,900.00 value (collectively, the "Property").

[2] Debtor testified during his continued Creditor's Meetings that the Property was solely for investment purposes and he did not intend to reside on the property as his homestead now or in the future.

I. JURISDICTION AND VENUE

1. The Court has jurisdiction over the subject-matter of this Objection pursuant to 28 U.S.C. §§ 157(b) and 1334. This matter constitutes a core proceeding under, *inter alia*, 28 U.S.C. § 157(b)(2)(A), (B) and (O).

2. The statutory predicates for the relief requested herein are 11 U.S.C. § 522, Fed. R. Bankr. P. 4003, 9013 and 9014.

II. BACKGROUND

3. On March 30, 2021, the above-captioned Debtor filed for relief under Chapter 7 of the Bankruptcy Code via voluntary petition for relief filed with his schedules. (Docket No. 1).

4. On March 4, 2021, Mr. Ron Satija was appointed as Trustee.

5. The Debtor amended his Schedules, including exemptions on May 27, 2021. (Docket No. 9). On July 7, 2021, the Debtor further amended his Schedules, including exemptions, (Docket No. 26) before filing a second set of Amended Schedules (the "Amended Schedules") later that same day. (Docket No. 29).

6. The 341 Meeting was originally heard on May 6, 2021 and continued to May 27, 2021, June 17, 2021, July 8, 2021, and finally July 12, 2021 on which date the 341 was ultimately concluded. At the 341 Meeting(s), the Debtor testified that the Property listed in his Amended Schedules was not his homestead as listed, but was in fact investment property and he did not plan to reside on the Property.

7. In his Amended Schedules[3], the Debtor listed the Property, broken down into Tract 1 as 12501 Tech Ridge Blvd., #221, Austin, TX 78753 with a $1.00 value (Debtor's leasehold interest) and listed Tract 2 as 20710 Tahoe Lane, Lago Vista, TX 78645 (Lot 16027 BAR-K

---

[3] Attached as Exhibit A is a true and correct copy of the Debtor's Amended Schedules (Docket No. 29) filed on July 7, 2021 in this above-referenced case.

Ranches Plat 16, Travis County, Texas) with a $17,900.00. The Debtor listed the Property and asserted Texas state homestead exemptions on the Property in his Amended Schedules. The Debtor asserted full homestead exemptions on the Property under Texas homestead exemption statutes and the Texas Constitution.

8. However, the Debtor testified during his 341 Meetings that the Property he listed as his homestead was not his homestead and that he purchased Tract 2 as an investment, Tract 1 was solely a leasehold interest not homestead, and that he does not reside or intend to reside at the Property in the future.

### III. ARGUMENTS AND BASIS THEREFOR

9. The Trustee respectfully asserts the Court should deny the Debtor's homestead exemption in the Property listed in his Amended Schedules because the Debtor has not met his required burden to establish his right to Texas homestead exemptions in the Property.

A. <u>The Debtor testified the Property is not his homestead but investment property.</u>

10. The Debtor's exemptions are limited to the bankruptcy estate and the property interests the Debtor possessed at the time of filing. The Debtor is allowed to claim exemptions under federal or state law only up to the extent and value of his interest in property at the time of filing. The Debtor is also limited in his ability to protect property when at the time of filing he did not reside on the Property or intend to reside on the Property in the future as his homestead. At the time of filing, he did not qualify for homestead protection for his Property and claiming it as a homestead. Such an intention after filing bankruptcy does not render the Property exempt.

11. Texas law provides extremely broad protection for homesteads.[4] Texas Constitution and the Texas Property Code creates the debtor's legal interest in a homestead to

---
[4] *In re Comu*, 542 B.R. 371, 384–85 (Bankr. N.D. Tex. 2015)

protect from seizure and encumbrances in all but a few very specific instances.[5] Lease interests in property do not come into play in determining homestead interests in real estate. Homestead rights are to be liberally construed, but, in order to apply, the debtor has the initial burden to establish the character of his property as his homestead by showing a combination of both (1) overt acts of homestead usage and (2) an intention to claim the property as his homestead.[6] "[M]ere ownership or possessory interest is not of itself sufficient to establish a homestead."[7]

12. Establishing the nature of property as homestead is "typically a low hurdle and, in the usual case, mere evidence of 'overt acts of homestead usage' in the form of possession and usage of the property as a homestead is sufficient."[8] When a debtor actually resides on property claimed as homestead, the court does not typically need to research the second prong of "'intention to claim as a homestead' because actually residing on the property is 'the most satisfactory and convincing evidence of intention.'"[9]

13. Here, however, the Debtor testified under oath that he does not reside on the Property as his homestead, he has never intended to do so, and he purchased the Property solely as an investment. The Debtor's testimony alone supports the denial of any homestead exemption the Debtor asserts in the Property.

14. The Debtor has not satisfied either of the homestead requirements. Therefore, the Debtor's Property does not qualify for homestead protection under Texas law.

15. Further, the Trustee respectfully requests the Court completely deny the Debtor's amended exemptions in the Property and grant his Objection.

---

[5] *Id.*

[6] *Id.*

[7] *Id*.

[8] *Id.* at 385.

[9] *Id.*

IV. CONCLUSION

Based on the foregoing, the Trustee respectfully requests that this Court enter an order: 1) denying the Debtor's amended Texas homestead exemptions on the Property; 2) granting the Trustee's Objection, and 3) granting such other relief as the Court deems just and proper.

Date: August 6, 2021

Respectfully submitted,

**HAYWARD PLLC**

*/s/ Jamie Kirk*
  Jamie Kirk
  Texas Bar No. 24076485
  JKirk@HaywardFirm.com
10501 N Central Expy., Ste. 106
Dallas, TX 75231
Phone/Fax: (972) 755-7100

Mark Newton
  Texas Bar No. 24104473
  MNewton@HaywardFirm.com
**HAYWARD PLLC**
901 MoPac Expressway South
Building 1, Suite 300
Austin, TX 78746
Phone/Fax: (737) 881-7100

**COUNSEL FOR RON SATIJA, CHAPTER 7 TRUSTEE**

## CERTIFICATE OF SERVICE

      I hereby certify that on August 6, 2021, I electronically filed the foregoing with the clerk of the court using the CM/ECF system to notice the United States Trustee, Debtor's counsel, and all other parties receiving CM/ECF notices. Additionally, on August 6, 2021, or within one business day thereof, I served the foregoing on the Debtor below via United States First Class Mail.

      */s/ Jamie Kirk*
      Jamie Kirk

```
Label Matrix for local noticing      U.S. BANKRUPTCY COURT              American Express National Bank
0542-1                               903 SAN JACINTO, SUITE 322         c/o Becket and Lee LLP
Case 21-10224-tmd                    AUSTIN, TX 78701-2450              PO Box 3001
Western District of Texas                                               Malvern PA 19355-0701
Austin
Fri Aug  6 17:11:16 CDT 2021

Amex                                 Barclays Bank Delaware             Capital One Bank
PO Box 981537                        P.o. Box 8803                      Po Box 31293
El Paso, TX 79998-1537               Wilmington, DE 19899-8803          Salt Lake City, UT 84131-0293



Cavalry Portfolio Serv               Cavalry SPV I, LLC                 (p)JPMORGAN CHASE BANK  N A
500 Summit Lake Drive                500 Summit Lake Drive, Ste 400     BANKRUPTCY MAIL INTAKE TEAM
Valhalla, NY 10595-2322              Valhalla, NY 10595-2321            700 KANSAS LANE FLOOR 01
                                                                        MONROE LA 71203-4774



Citi                                 Conn Appliances Inc                Conn Appliances, Inc.
Po Box 6217                          Box 2358                           c/o Becket and Lee LLP
Sioux Falls, SD 57117-6217           Beaumont, TX 77704-2358            PO Box 3002
                                                                        Malvern PA 19355-0702



(p)DISCOVER FINANCIAL SERVICES LLC   Discover Bank                      East Harbor Financial
PO BOX 3025                          Discover Products Inc              12360 NW South River Drive Ste B
NEW ALBANY OH 43054-3025             PO Box 3025                        Miami, FL 33178-1193
                                     New Albany, OH 43054-3025



East Harbor Financial                Financial Pacific Leasing          Freedom Trucking
c/o Christopher V Arisco             3455 S 344th Way STE 300           12221 Merit Drive
Padfield & Stout LLP                 Federal Way, WA 98001-9546         Dallas, TX 75251-2202
420 Throckmorton #1210
Fort Worth TX 76102-3792


Ironwood Finance, Inc                JPMorgan Chase Bank, N.A.          MERRICK BANK
800 North Shoreline Blvd $1500s      s/b/m/t Chase Bank USA, N.A.       Resurgent Capital Services
Corpus Christ, Tx 78401-3700         c/o National Bankruptcy Services, LLC   PO Box 10368
                                     P.O. Box 9013                      Greenville, SC 29603-0368
                                     Addison, Texas 75001-9013


Merrick Bank Corp                    Midland Credit Management          Midland Credit Management, Inc.
Po Box 9201                          320 East Big Beaver                PO Box 2037
Old Bethpage, NY 11804-9001          Troy, MI 48083-1238                Warren, MI 48090-2037



PRA Receivables Management, LLC      Portfolio Recov Assoc              Quantum3 Group LLC as agent for
PO Box 41021                         120 Corporate Blvd Ste 100         Credit Corp Solutions Inc
Norfolk, VA 23541-1021               Norfolk, VA 23502-4952             PO Box 788
                                                                        Kirkland, WA  98083-0788



Reliant Towing                       San Paloma Apartments              Synchrony Bank
1000 Slaughter Creek Dr              12501 Tech Ridge Blvd              Att: Bankruptcy Department
Austin, Tx 78748                     Austin, TX 78753-1100              PO Box 965060
                                                                        Orlando, FL 32896-5060
```

| | | |
|---|---|---|
| Transport Funding<br>8717 W 110th St #700<br>Overland Park, KS 66210-2127 | United States Trustee - AU12<br>United States Trustee<br>903 San Jacinto Blvd, Suite 230<br>Austin, TX 78701-2450 | University Federal Credit Union<br>Po Box 9350<br>Austin, TX 78766-9350 |
| Humberto Bonelly Labrada<br>12501 Tech Ridge Blvd, #221<br>Austin, TX 78753-1122 | Kimberly L. Nash<br>Law Office of Kimberly Nash P.C.<br>6207 Bee Caves Rd<br>Ste 155<br>Austin, TX 78746-5048 | Michael V. Baumer<br>7600 Burnet Road, Suite 530<br>Austin, TX 78757-1269 |
| Ron Satija<br>P.O. Box 660208<br>Austin, TX 78766-7208 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Chase<br>Po Box 15369<br>Wilmington, DE 19850 | Discover<br>Pob 15316<br>Wilmington, DE 19850 | End of Label Matrix<br>Mailable recipients 36<br>Bypassed recipients 0<br>Total 36 |