UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | Case No. 21-10224-tmd |
| **HUMBERTO BONELLY LABRADA,** | § | |
| | § | |
| | § | Chapter 7 |
| Debtor | § | |

**CHAPTER 7 TRUSTEE'S LIMITED OBJECTION TO
DEBTOR'S MOTION TO CONVERT CASE TO CHAPTER 13**

TO THE HONORABLE TONY M. DAVIS, U.S. BANKRUPTCY JUDGE

COMES NOW Ron Satija, Chapter 7 Trustee ("Trustee"), and hereby files his *Limited Objection to Debtor's Motion to Convert Case to Chapter 13*, and would show the Court as follows:

### I. Background

1. The instant Chapter 7 was commenced on March 30, 2021 [Dkt. 1] by the Debtor Humberto Bonelly Labrada ("Debtor") filing his voluntary petition.

2. The Court entered an order appointing Ron Satija as the Chapter 7 Trustee on that same day [Dkt. 12].

3. The Debtor has waived his discharge in this case as reflected in the waiver filed on July 19, 2021, at Docket 34. The Debtor failed to disclose numerous assets in his schedules, which have now been amended multiple times. Trustee has funds on hand from the settlement of an undisclosed asset the Trustee previously investigated, and the Debtor has paid to the Trustee.

4. The Trustee conducted multiple 341 meetings to determine the nature and scope of the Debtor's assets and liabilities. The Trustee discovered multiple concealed assets, including bank accounts, bitcoin, and real property. In response to the questioning of his own attorney, the

Debtor stated on the record that he owned assets he had never even disclosed to his own bankruptcy counsel.

5. On August 17, 2021, the Debtor filed his *Motion to Convert Case to Chapter 13* and claimed he wishes to convert his case to a Chapter 13 and to pay all his creditors in full. The Debtor also claimed he was eligible for Chapter 13 under Bankruptcy Code 11 U.S.C. § 109.

6. The Trustee now files this objection to the Debtor's Conversion Motion on the basis that the Debtor filed his bankruptcy in bad faith and does not qualify for Chapter 13 as a result.

7. By way of limiting his objection in the alternative, if the Court determines the Debtor is entitled to conversion to Chapter 13, the Trustee requests the Court order the following conditions: 1) the Debtor is not entitled to a discharge based on his previous voluntary Chapter 7 waiver of discharge, 2) convert the Debtor's case back to a Chapter 7 if dismissal is sought of the Debtor's Chapter 13 at any point in the future; 3) the Trustee is entitled to file an administrative claim in the Chapter 13 for payment of his fees and expenses incurred up to this point, including his counsel's fees; and 4) that the Trustee remain a party-in-interest and receive notices in the Debtor's Chapter 13 case.

## II. ARGUMENTS AND AUTHORITIES

8. Where a debtor has concealed or misrepresented the nature of his assets in a Chapter 7 constituting bad faith, the debtor's request to convert to Chapter 13 is not an absolute right, such that a request to convert his case may be denied for cause under 11 U.S.C. § 706(d).[1] Here, the Debtor concealed and misrepresented the nature of a number of assets. The Trustee's investigation of the Debtor's case revealed these bad faith actions. The Debtor's Conversion Motion should be denied as a result.

---

[1] *Law v. Siegel*, 571 U.S. 415, 416, 134 S. Ct. 1188, 1191, 188 L. Ed. 2d 146 (2014).

9. If the Debtor's case is converted to a Chapter 13, the Debtor does not have an absolute right to later dismiss his Chapter 13 case as the 5th Circuit has determined any such dismissal is subject to a limited exception for bad faith conduct or abuse of the bankruptcy process.[2]

10. If the Court determines the Debtor is entitled to convert his case to a Chapter 13, the Trustee respectfully requests this Court order: 1) the Debtor is not entitled to a discharge based on his previous voluntary Chapter 7 waiver of discharge; 2) convert the Debtor's case back to a Chapter 7 if dismissal is sought of the Debtor's Chapter 13 at any point in the future; 3) the Trustee is entitled to file an administrative claim in the Chapter 13 for payment of his fees and expenses incurred up to this point, including his counsel's fees; and 4) that the Trustee remain a party-in-interest and receive notices in the Debtor's Chapter 13 case.

WHEREFORE PREMISES CONSIDERED, Ron Satija, Chapter 7 Trustee, prays that his Objection be sustained, Debtor's Motion denied, or in the alternative, that the Trustee's conditions requested be authorized by the Court, and for such other relief as the Court deems just and proper.

Date: September 7, 2021          Respectfully submitted,

*/s/ Ron Satija*
Ron Satija, Chapter 7 Trustee for the
Debtor's estate


*/s/ Jamie Kirk*
Jamie Kirk
Texas Bar No. 24076485
JKirk@HaywardFirm.com
10501 N Central Expy., Ste. 106
Dallas, TX 75231
Phone/Fax: (972) 755-7100

Mark Newton

---

[2] *In re Jacobsen*, 609 F.3d 647, 649 (5th Cir. 2010).

        Texas Bar No. 24104473  
        MNewton@HaywardFirm.com  
**HAYWARD PLLC**  
901 MoPac Expressway South  
Building 1, Suite 300  
Austin, TX 78746  
Phone/Fax: (737) 881-7100  

**COUNSEL FOR RON SATIJA, CHAPTER 7 TRUSTEE**

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2021, the foregoing was served via CM/ECF on Debtor's counsel at LAW OFFICE OF MICHAEL BAUMER 7600 Burnet Road Suite 530, Austin, TX 78757 baumerlaw@baumerlaw.com and the United States Trustee, 903 San Jacinto, Austin, TX 78701. Additionally, within one business day thereof, notice of the foregoing was served via United States First Class Mail to the Debtor Humberto Bonelly Labrada at 12501 Tech Ridge Blvd, #221, Austin, TX 78753.

/s/ *Jamie Kirk*  
Jamie Kirk